a counterclaim. In response to the issues the jury found that the defendants had failed to comply with the contract, that the breach had not been waived by the plaintiff, and assessed damages both for the plaintiff and for the defendants on their counterclaim.

In our examination of the record we have discovered no reversible error.

No error.

W. G. COPPERSMITH AND J. B. LATHAM, TRADING AS LITTLETON FEED AND GROCERY COMPANY, v. R. L. COOK AND THE WARRENTON GROCERY COMPANY, INC., PARTNERS, TRADING AS R. L. COOK.

(Filed 19 September, 1928.)

APPEAL by plaintiff from *Daniels, J.,* at May Term, 1928, of WARREN.

Controversy without action, submitted on an agreed statement of facts, to determine the liability of the Warrenton Grocery Company for the debts of R. L. Cook, either as partner or principal and agent.

From a judgment exculpating the said Warrenton Grocery Company from liability for the debts of R. L. Cook upon the facts agreed, the plaintiff appeals, assigning error.

*Jos. P. Pippen for plaintiff.*
*Williams & Banzet for defendant.*

PER CURIAM. The judgment is correct. The case would be valueless as a precedent, hence the facts are not stated and no opinion will be written, other than this memorandum.

Affirmed.

FRANK BYERS v. W. P. ROSE.

(Filed 19 September, 1928.)

APPEAL by plaintiff from *Midyette, J.,* at May Term, 1928, of WILSON.

Civil action to recover damages for injury to plaintiff's eye, alleged to have been caused by the negligence of the defendant in failing properly to provide a reasonably safe place, or to furnish tools and appliances reasonably suitable for the work in which plaintiff and another, Robert Jones, as employees of the defendant, were engaged at the time,